9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Ronald BERTRAM, Plaintiff-Appellee,
v.
George DEUKMEJIAN, et al., Defendant-Appellant.
 No. 93-15092.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.*
Decided Nov. 4, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 When individuals act in their capacities as state employees they enjoy qualified immunity under 42 U.S.C. § 1983 "insofar as their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A prisoner's right to marry was not a clearly established constitutional right until after Bertram's alleged deprivation, when the Supreme Court decided Turner v. Safley, 482 U.S. 78 (1987). Turner was decided in June 1987, while all of the appellants' actions took place before or during May 1987. Therefore, a prisoner's constitutional right to marry was not clearly established when the appellants denied appellee's requests to marry.
 
 
 4
 That the right was clearly established under California law prior to 1987 is irrelevant for qualified immunity purposes. Davis v. Scherer, 468 U.S. 183, 193-94 (1984) (state official retains qualified immunity if the federal constitutional right was not clearly established, even if the conduct clearly violated state statute or regulation).
 
 
 5
 In Turner the Court reiterated that "a prison inmate 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.' " 482 U.S. at 95 (citation omitted) (brackets in original). This case implicates different penological interests than those implicated in Turner: Bertram and his fiancee were both incarcerated in single-sex prisons separated by over 450 miles; they were also crime partners convicted of molesting the fiancee's daughter. Bertram's right to marry thus was far from clearly established even after Turner.
 
 
 6
 REVERSED and REMANDED with instructions to enter summary judgment in favor of defendants.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3